UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEONOR ASENCIO,<br><br>                                  Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO et al.,<br><br>                                Defendants. | Case No.:  24-CV-2074 W (DDL)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE FAC [DOC. 15]; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [DOC. 18]; AND DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AS MOOT [DOC. 10]** |

      The United States ("Defendant") has moved to dismiss Eleonor Asencio's ("Plaintiff") First Amended Complaint ("FAC"). (*Mtn.* [Doc. 15].)  Plaintiff opposes. (*Opp'n* [Doc. 16].)  The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons discussed below, the Court **GRANTS** the motion to dismiss the FAC [Doc. 15] **WITHOUT LEAVE TO**

**AMEND**; **DENIES** Plaintiff's motion to file a Second Amended Complaint [Doc. 18]; and **DENIES** Defendant's motion to dismiss the Complaint as **MOOT** [Doc. 10].

I.   **BACKGROUND**

This lawsuit arises out of an alleged slip and fall at or near 4509 Camino De La Plaza, San Ysidro, California 92174.[1]  (*FAC* at 4, ¶ 22.)  Plaintiff brought suit against the City of San Diego, the County of San Diego, the State of California, the United States of America, and DOES 1–100 alleging they failed to exercise ordinary and reasonable care by failing to manage, inspect, maintain, or repair the sidewalk at the Incident Area, resulting in Plaintiff's injury.  (*Id.* at ¶ 23.)

The FAC asserts four causes of action against the defendants: (1) California Gov. Code § 835 (against the City, County, State, and Does 1–50); (2) Cal. Gov. Code § 815.2 (against the City, County, State, and DOES 51–75); (3) Premises liability (against the United States and DOES 76–100); and (4) Negligence (against the United States and DOES 76–100).  (*FAC* at 5–13.)  The United States has moved to dismiss the claims against the federal defendants, arguing that Plaintiff lacks standing because the United States does not own the land mentioned in the FAC, so the injury is not fairly traceable to the Defendant.  (*Mtn.* at 3.)

Plaintiff does not dispute in her Opposition that, as currently pled, she lacks standing.  However, Plaintiff asserts that she was mistaken about the original address—and after leave to amend to correct the address in the FAC—she will have standing. (*Opp'n* at 5:16–20.)  Defendant argues that leave to amend is futile because, even if she were permitted to change the address, this Court would not have jurisdiction because

---

[1] The FAC claims the slip and fall occurred at 4509 Camino De La Plaza, San Ysidro, California 92174. (*FAC* at 4, ¶ 22.)  However, Plaintiff's Opposition to the Motion to Dismiss the FAC asserts that after further investigation, Plaintiff discovered the slip and fall actually occurred at 727 East San Ysidro Boulevard, San Diego 92173.  (*Opp'n* at 5:16–20.)  Because only the first address was pled in the FAC, the Court will not consider the second address for purposes of Defendant's Motion to Dismiss the FAC.

Plaintiff has not exhausted her administrative remedies.  (*Reply* [Doc. 17] at 3:1–6.)  Each argument will be discussed in turn.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Limited jurisdiction means that federal courts can only adjudicate cases that both the Constitution and Congress authorize them to adjudicate, such as those involving diversity of citizenship, a federal question, or where the United States is a party. *Id.  See also Ex parte Bollman*, 8 U.S. 75, 94 (1807) ("To enable the court to decide on such question, the power to determine it must be given by written law.").  Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of subject matter jurisdiction.  Because subject matter jurisdiction involves the authority of the court to decide the case, the court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998).  Additionally, lack of subject matter jurisdiction may be raised either by the parties or *sua sponte* by the court. *See Washam v. Rabine*, No. 3:12CV2433-GPC-BLM, 2013 WL 1849233, at *1 (S.D. Cal. May 1, 2013).

When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  In such circumstances, "[n]o presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Thornhill*

*Publishing Co. v. General Telephone & Electronic Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

The Article III standing doctrine is one limitation on a federal court's subject matter jurisdiction. *See La Asociacon de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010). If a plaintiff fails to satisfy the standing requirements, the case must be dismissed. *See Foster v. Carson*, 347 F.3d 742, 745–46, 749 (9th Cir. 2003). The party invoking federal jurisdiction bears the burden of establishing that the standing requirements of Article III are satisfied. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

"[T]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo*, 578 U.S. at 338 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). In order "to satisfy Article III's standing requirements, a plaintiff must show (1) they have suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan*, 504 U.S. at 560–61).

### III. DISCUSSION

#### A. Motion to Dismiss the FAC

In their Motion to Dismiss the FAC, Defendant argues that the United States does not own the land where Plaintiff's alleged injury occurred. (*Mtn.* at 3.) Therefore, Plaintiff lacks standing because any dangerous condition on the property or any injury she suffered is not "fairly traceable" to Defendant. (*Id.* at 4:8–12.) "An injury is 'fairly traceable' where there is a casual connection between the injury and the defendant's challenged conduct." *Wit v. United Behavioral Health*, 79 F.4th 1068, 1083 (9th Cir. 2023) (citing *Lujan*, 504 U.S. at 560).

To support their argument, Defendant asks for judicial notice,[2] citing a Google Maps internet search showing that "the United States is not a listed occupant of the 4509 Camino De La Plaza location." (*Mtn. Jud. Notice* [Doc. 15-2] at 2:1–2.)

Plaintiff does not dispute that Defendant does not own the land alleged in the FAC, but instead asserts that after additional investigation, she found that the injury actually occurred at 727 East San Ysidro Boulevard. In her Opposition, Plaintiff states that she will file a motion for leave to file a SAC and requests the Court either deny the current Motion to Dismiss the FAC as moot or stay a ruling on the motion until the Court decides her motion for leave to file a SAC. (*Opp'n* at 6:16–23.)

Plaintiff has failed to oppose Defendant's argument that she lacks standing. Specifically, Plaintiff has failed to show that her injury—as alleged in the FAC—is fairly traceable to the Defendant, so the Motion to Dismiss the FAC will be granted.

### B. Leave to Amend

Federal Rule of Civil Rule 15(a)(2) directs that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising its discretion" whether to allow a party to amend, the Court "must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Thus, while leave to amend is not guaranteed, it "should be granted with extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). Considering the liberality espoused by the Federal Rules, the Court should not deny a motion to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is

---

[2] Under Federal Rule of Evidence 201, the court may—on its own or by request—take judicial notice of facts not subject to reasonable dispute because they are either generally known in the trial court's territorial or can be accurately and readily determined from a source that cannot be reasonably questioned.

futile, or creates undue delay." *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant argues that leave to amend would be futile because Plaintiff has failed to demonstrate she has exhausted her administrative remedies. Without a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over cases against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Although the Federal Tort Claims Act ("FTCA") contains a limited waiver of sovereign immunity, it only does so to the extent that the plaintiff first exhausts their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1245 (9th Cir. 2017) (emphasis added) ("In general, the FTCA's exhaustion requirement demands that a plaintiff exhaust his administrative remedies *before* he files an FTCA claim in federal court."); *Sheehan v. United States*, No. 08CV1658-IEG (POR), 2009 WL 1269989, at *2 (S.D. Cal. May 7, 2009) (stating that a claimant's exhaustion of administrative remedies is a prerequisite to a district court's jurisdiction).

Plaintiff will not be given leave to amend because it would be futile. Although Plaintiff states her injury occurred at 727 East San Ysidro, rather than 4509 Camino De La Plaza, she has not satisfied her burden of showing that an administrative claim was exhausted under the FTCA. In her Opposition, Plaintiff points out that on "June [*sic*] 21, 2025, Ms. Asencio mailed an **Amended** Claim for damages to the GSA, Border Patrol, and the Department of Homeland Security." (*Opp'n* at 6:8–12.) Nevertheless, the Supreme Court has been clear that a lawsuit filed before exhausting administrative remedies under the FTCA is premature and should be dismissed. *McNeil*, 508 U.S. at 113. Further, courts in this Circuit have explicitly stated that "permit[ting] the premature

filing of an FTCA action to be cured by the filing of an amended complaint upon denial of the administrative would be inconsistent with both *McNeil* and the rationale behind the jurisdictional prerequisite mandated by the FTCA . . . ." *Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 254 (E.D. Cal. 1993).

Accordingly, leave to amend would be futile. Although Plaintiff states she has amended her administrative claim, she initiated this lawsuit before filing her administrative claim for her alleged injury at 727 East San Ysidro. Because the claims have not been exhausted, they are premature—a jurisdictional defect that cannot be cured by amendment. Therefore, this Court lacks jurisdiction, Plaintiff's claims must be dismissed, and her motion to amend must be denied as futile.

## IV.   CONCLUSION

Plaintiff has failed to show her injury is "fairly traceable" to Defendant, so she has failed to satisfy the jurisdictional standing requirements. Therefore, the Court **GRANTS** Defendant's Motion to Dismiss the FAC and **ORDERS** the case dismissed [Doc. 15]. Because jurisdictional defects in the FAC cannot be cured by amendment, the case will be dismissed **WITHOUT LEAVE TO AMEND**, and Plaintiff's motion to file a SAC [Doc. 18] will **DENIED**. Finally, because the FAC superseded the original Complaint, Defendant's Motion to Dismiss the Complaint is **DENIED** as **MOOT** [Doc. 10].

**IT IS SO ORDERED.**

Dated: March 11, 2025

Hon. Thomas J. Whelan
United States District Judge